IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 JUL 13 AM 8:50

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

```
JAMES RONALD PULLIAM,              X
                                   X
          Petitioner,              X
                                   X
vs.                                X   Cv. No. 03-2550-B/V
                                   X   Cr. No. 93-20121-Tu
UNITED STATES OF AMERICA,          X
                                   X
          Respondent.              X
                                   X
```

ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL MEMORANDA
ON THE ISSUE OF DUE DILIGENCE

The Petitioner, James Ronald Pulliam, Bureau of Prisons inmate registration number 04635-003, an inmate at the United States Penitentiary in Atlanta, Georgia, filed a <u>pro se</u> motion pursuant to 28 U.S.C. § 2255 on July 25, 2003, along with a supporting memorandum. The Court issued an order on October 23, 2003 directing the Respondent, the United States (sometimes referred to herein as "the Government"), to respond to one claim asserted in the motion, which it did on December 9, 2003. Thereafter, on September 30, 2004, Pulliam filed a document, entitled "Request to Supplement, Under Rule 15 Federal Rules of Criminal Procedure A Memorandum of Suuport [sic] § 2255 Petition," which set forth additional evidence and argument in support of his motion. On March 4, 2005, Pulliam filed an inquiry about the status

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-13-05



of his motion.[1] Finally, on June 27, 2005, the Clerk received a motion by Pulliam asking that the docket be amended to reflect that two of his prior convictions had been vacated.

On May 25, 1993, a federal grand jury returned a four-count indictment against Pulliam arising out of an armed bank robbery he committed in Memphis on March 12, 1993. The first count charged the Petitioner with armed bank robbery of approximately $68,546, in violation of 18 U.S.C. §§ 2113(a) & (d). The second count charged him with carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The third count accused him of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The fourth count charged him with escape, in violation of 18 U.S.C. § 751.

Pulliam entered a guilty plea to the first three counts of the indictment, with the fourth count being dismissed pursuant to a plea agreement. On February 3, 1994, District Judge Jerome Turner conducted a sentencing hearing, at which time Pulliam was found to be an armed career criminal and received concurrent terms of two hundred twenty (220) months on counts 1 and 3 and a consecutive term of sixty (60) months on count 2, for a total of two hundred eighty (280) months imprisonment,[2] to be followed by a

---

[1]     The docket sheet incorrectly describes this submission as another motion to amend or supplement the original § 2255 motion.

[2]     Pursuant to § 3D1.2 of the United States Sentencing Guidelines ("U.S.S.G."), counts one and three were grouped for sentencing purposes. Pursuant
(continued...)

five-year period of supervised release. Pulliam was also ordered to pay restitution in the amount of $62,531. Judgment was entered on March 3, 1994. The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Pulliam, No. 94-5467, 1995 WL 6215 (6th Cir. Jan. 5, 1995) (per curiam).

In his original § 2255 motion, and in the supplement filed on September 30, 2004, Pulliam contended, inter alia, that his sentence as an armed career criminal should be vacated because two of the three qualifying convictions have been overturned. As previously noted, Pulliam was sentenced as an armed career criminal on the basis of three prior felony convictions that were obtained in the State of Georgia. At the sentencing hearing in this case in 1994, Pulliam presented his objections to the Court's consideration of those convictions, and his arguments were rejected on the merits. Subsequently, on January 3, 2001, Pulliam filed a pro se petition for a writ of habeas corpus in the Superior Court of Fulton County, Georgia challenging the 1960 conviction for robbery

---

[2]    (...continued)
to U.S.S.G. § 3D1.3(a), the highest offense level applicable to the group shall be used to determine the offense level for the group. In this case, in accordance with U.S.S.G. § 4B1.4, Pulliam was designated an armed career offender due to his conviction on count three, felon in possession of a firearm. In so holding, the sentencing court determined that the prisoner had three prior convictions for violent felonies, 18 U.S.C. §§ 924(e)(1) & (2)(B), specifically, a 1960 conviction for robbery, a 1971 conviction for criminal attempt to commit burglary, and a 1987 conviction for aggravated assault, all of which were obtained in the State of Georgia. Accordingly, the base offense level was deemed to be 34, under U.S.S.G. § 4B1.4(b)(3)(A). Based on the plea agreement, Pulliam was awarded a three-point reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, despite his escape attempt while the criminal charges were pending, see 02/03/94 Tr. at 10, 11-20, resulting in a total offense level of 31. Pulliam's criminal history category was deemed to be VI, see § 4B1.4(c)(1) & (2). The guidelines provided a sentencing range of 188-235 months.

on the ground that the State could not demonstrate that he knowingly waived his rights in accordance with <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969). Because most of the records concerning that conviction were no longer in existence, the State was unable to satisfy its burden of demonstrating that Pulliam's guilty plea was knowing and voluntary and, therefore, the Georgia court issued an order on August 29, 2002 granting the writ of habeas corpus with respect to the 1960 conviction.[3] The instant § 2255 motion, filed on July 25, 2003, raised a challenge to Pulliam's designation as an armed career criminal because of the invalidation of the 1960 conviction.

Although Pulliam's state habeas petition also challenged the 1971 De Kalb County conviction for criminal attempt to commit burglary, the Fulton County Superior Court denied relief on that claim because "[t]he record contains certified copies of waivers as well as the Judge's attestation that the [p]etitioner was given his rights and voluntarily and intelligently waived them." The inmate appealed and, on September 13, 2004, the Georgia Supreme Court reversed the denial of habeas corpus relief with respect to the 1971 conviction because the documents at issue did not indicate that he was advised of, and waived his right against compulsory

---

[3]      Copies of that order are attached to the memorandum in support of this § 2255 motion, which was filed on July 25, 2003, and as Exhibit 3 to the Government's response to the motion, which was filed on December 9, 2003.

self-incrimination, his right to a trial by jury, and the right to confront his accusers.[4]

The Armed Career Criminal Act, 18 U.S.C. § 924(e), provides enhanced sentencing for individuals who violate 18 U.S.C. § 922(g) and who also have three previous convictions for a violent felony or a serious drug offense. The three Georgia felony convictions were violent felonies within the meaning of 18 U.S.C. § 924(e)(2)(B). Because Pulliam had the minimum three qualifying felony convictions, the invalidation of his 1960 burglary conviction, if credited, meant that he no longer qualified to be sentenced as an armed career criminal under § 924(e).[5]

In response to this issue, the United States first asserts that this claim is time barred. Response to Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, filed Dec. 9, 2003 ("G. Br."), at 4-7. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) ("AEDPA"), created a statute of limitations for filing motions under § 2255. Because this petition was filed after April 24, 1996,

---

[4]      Pulliam brought this decision to the Court's attention in his September 30, 2004 filing.

[5]      As a practical matter, the subsequent invalidation of the 1971 conviction for criminal attempt to convict burglary adds little to this analysis because, if the invalidation of the 1960 conviction were credited, there is apparently no dispute that Pulliam no longer qualifies as an armed career criminal. Of course, in the event Pulliam were to receive a new sentencing hearing, he presumably would not be assessed criminal history points for convictions that were invalidated.

5

the AEDPA is applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997).

The relevant portion of 28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court recently held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

In this case, the Sixth Circuit's decision on direct appeal was issued on January 5, 1995, and the time for filing a

6

petition for a writ of certiorari expired ninety days later, on April 5, 1995. Because Pulliam's conviction became final prior to the enactment of the AEDPA, he had a one-year grace period, until April 24, 1997, within which to file a timely § 2255 motion. Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999).

Pulliam asserts that, pursuant to ¶ 6(4) of § 2255, the limitations period in this case began running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," which, in this case, was August 29, 2002, the date on which the Fulton County Superior Court granted the writ of habeas corpus vacating the 1960 conviction for robbery. Petitioners [sic] initial memorandum in support of 2255 petition, filed July 25, 2003, at 1. The United States, relying on decisions such as Brackett v. United States, 270 F.3d 60, 68 (1st Cir. 2001), argued that the one-year limitations period for § 2255 motions began to run on the date on which the movant learned, or with due diligence should have learned, the facts supporting his claim to vacate the state convictions, not the date on which the convictions were vacated. G. Br. at 5-6. If the Government's position were accepted, ¶ 6(4) would be entirely inapplicable to this case because Pulliam knew every fact on which he relied to vacate the two Georgia felony convictions at the time of his sentencing in 1994. Under those circumstances, the timeliness of this motion would be governed by ¶ 6(1), and the

7

limitations period for filing a § 2255 motion expired April 24, 1997.

Since the Government's response was filed, the Supreme Court decided in <u>Johnson v. United States</u>, 125 S. Ct. 1571, 1575 (2005), which held that "the [one-year limitations] period begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." The Court continued:

> That leaves us with the question of how to implement the statutory mandate that a petitioner act with due diligence in discovering the crucial fact of the vacatur order that he himself seeks. The answer is that diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence.

<u>Id.</u> at 1580-81. Thus,

> settling on the date of judgment as the moment to activate due diligence seems best to reflect the statutory text and its underlying concerns. After the entry of judgment, the subject of the § 2255 claim has come into being, the significance of inaction is clear, and very little litigation would be wasted, since most challenged federal convictions are in fact sustained [on direct appeal].

<u>Id.</u> at 1581. Accordingly, the running of the one-year limitations period began to run on or about July 25, 2003 if, and only if, Pulliam exercised due diligence in seeking the vacation of his

Georgia convictions after the entry of his criminal judgment on March 3, 1994. See id. at 1582.[6]

Because the opinion in Johnson was issued after both parties had submitted their briefs, the parties have not had an opportunity to address the issue of Pulliam's due diligence.[7] Accordingly, the Petitioner is ORDERED, within thirty (30) days of the date of entry of this order, to file a supplemental memorandum addressing the issue of his due diligence. Any factual matters Pulliam desires to bring to the Court's attention should be submitted in the form of a declaration under penalty of perjury that is executed in accordance with 28 U.S.C. § 1746. Any reply the United States seeks to file is due within thirty (30) days of the date of filing of the Petitioner's supplemental memorandum.

IT IS SO ORDERED this _12_ day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[6]     The Supreme Court emphasized, in a footnote, that "[o]nce a petitioner diligently has initiated state-court proceedings, any delay in those proceedings that is not attributable to the petitioner will not impair the availability of the paragraph four limitation rule, once those proceedings finally conclude." Id. at 1582 n.8.

[7]     Although the United States argued in its original response that this motion was barred by laches, G. Br. at 7-8, that position was premised on the assumption that Pulliam's obligation to seek to vacate each of his convictions accrued on or about the time those convictions became final. The decision in Johnson makes clear that Pulliam's obligation to act accrued only after the entry of judgment in his federal case. Thus, the Government's brief does not directly address the length of time that elapsed between the entry of judgment and the filing of the Petitioner's state habeas petition, and that brief does not put Pulliam on notice of his obligation to respond to that issue.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:03-CV-02550 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

---

Tony R. Arvin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

James Ronald Pulliam
USP-ATLANTA
04635-003
601 McDonough Blv. S.E.
P.O. Box 150160
Atlanta, GA 30315--769

Honorable J. Breen
US DISTRICT COURT